892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin F. WILHITE, Defendant-Appellant.
 No. 89-5669.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Marvin Wilhite was found guilty following a jury trial of possession of 665 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Judgment based upon the jury conviction was entered on May 16, 1989, by the United States District Court for the Western District of Tennessee, Western Division. Wilhite was sentenced to eighty-eight months imprisonment, a supervised release of four years following imprisonment, and an assessment of $1,050. Wilhite filed a timely notice of appeal on May 22, 1989.
 
 
 2
 On September 16, 1988, officers of the Shelby County Sheriff's Office in the Metro Narcotics Unit obtained a warrant to search an apartment believed to be occupied by Wilhite. Upon execution of the warrant, the officers found a small amount of cocaine and marijuana, car keys, several titles to cars, a lease application in Wilhite's name and approximately $2,600 in cash. Wilhite was placed under arrest. The officers subsequently checked several cars located on the apartment complex parking lot with a drug detection dog. After the dog indicated that a controlled substance was contained inside a 1982 BMW, the officers obtained a search warrant. The search resulted in the seizure of 665 grams of cocaine, a triple beam scale, a ceramic plate, a receipt for a car radiator in Wilhite's name and a substantial amount of cash.
 
 
 3
 On September 21, 1988, a grand jury returned an indictment charging Wilhite with possession of 665 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On November 23, 1988, Wilhite filed a motion to suppress the evidence obtained from the apartment and the BMW. After a January 27, 1989 hearing on the matter, the district court denied the motion on February 7, 1989. Wilhite subsequently was convicted in a two-day trial.
 
 
 4
 On appeal, Wilhite frames ten issues for review:
 
 
 5
 1. Whether the Fourth Amendment protects a citizen, and this Appellant, from a warrantless dog sniff search of his automobile on private property; and derivatively, whether the trial court should have suppressed evidence so obtained.
 
 
 6
 2. Whether probable cause existed for the issuance of the search warrant in this cause.
 
 
 7
 3. Whether the "Arizona Method" of jury selection deprived the defendant of his right to participate in jury selection and of a fair and impartial jury.
 
 
 8
 4. Whether the trial court erred in admitting evidence of unrelated misconduct.
 
 
 9
 5. Whether the trial court erred in treating the government's failure to produce discovery by offering a continuance instead of excluding the evidence withheld.
 
 
 10
 6. Whether the trial court erred in intervening in the presentation of the plaintiff's evidence and clarifying and enhancing the prosecution.
 
 
 11
 7. Whether an oral statement of the defendant not reduced to writing should have been disclosed pre-trial; and not having been disclosed, should it have been suppressed.
 
 
 12
 8. Whether cross-examination by the prosecution implying that defendant was guilty and offered to cooperate, and which was not otherwise substantiated by proof, so prejudiced the defendant as to deny him a fair trial.
 
 
 13
 9. Whether the trial court erred in refusing to grant a charge on the lesser included offense of simple possession of a controlled substance.
 
 
 14
 10. Whether the verdict in this case is consistent with [the] Jackson v. Virginia [443 U.S. 307 (1979) ] standard.
 
 
 15
 We have carefully reviewed the entire record in the district court in the light of the ten issues Wilhite has raised in this appeal. At oral argument, appellant stressed what was claimed to be the unwarranted use of a dog to sniff out the presence of drugs in the BMW, which was ultimately found to be under the control of the defendant. In this regard, it is plain that the conduct amounted to a minimal intrusion and did not implicate constitutionally protected rights. See United States v. Place, 462 U.S. 696 (1983). While this panel expresses some concern about the method of cross-examination employed by the prosecution, as addressed in assignment of error No. 8, it is clear that any error in the method of cross-examination did not so adversely affect the defendant's substantial rights as to deny him a fair trial. We have carefully examined all of the other claims of error in the light of the record, the briefs of the parties, and their oral arguments, and find none of the alleged errors to be meritorious. The defendant received a fair trial, and accordingly the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Engel assumed senior status effective October 1, 1989